IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA

v.                  CRIMINAL ACTION NO. 2:06MJ3

DAVID WEBB,

        Defendant.

## **ORDER/OPINION GRANTING GOVERNMENT'S MOTION TO DETAIN**

On the 1st day of March 2006, came the United States by Shawn Angus Morgan, its Assistant United States Attorney, and also came the defendant, David Webb, in person and by his counsel, Brian J. Kornbrath, for hearing on the motion of the United States to detain the defendant pending trial. Thereupon, the matter came on to be heard upon the government's motion to detain; upon the duly sworn testimony of John Marsh and Mark Sneberger ; upon the pretrial services report prepared and submitted to counsel and to the Court by Defendant's Adult Pretrial Services Officer Mark A. Sneberger; and upon the arguments of counsel.

### **A. Contentions of the Parties**

The government contends this case is eligible for detention because it involves a crime of violence and a serious risk Defendant will flee and/or is a danger to the community. The government further contends the Court should detain Defendant because there are no conditions of release which will reasonably assure Defendant's appearance as required and the safety of any other person and the community.

The defendant contends that he is not a flight risk, not a danger to the community, and also contends there are conditions of release which could reasonably assure his appearance as required and the safety of any other person and the community.

.

## B.  The Standards

The Bail Reform Act of 1984 ("the Act"),  18 U.S.C. §§ 3141 *et seq.,* authorizes a court to order a defendant's detention pending trial in certain circumstances if  "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community . . . . "18 U.S.C. § 3142(e). The Act is preventative, rather than punitive, in nature. See United States v. Salerno*,* 481 U.S. 739, 747, 107 S.Ct. 2095, 2101, 95 L.Ed.2d 697 (1987). Accordingly, the Supreme Court has stated that "liberty is the norm . . . . " Id., 481 U.S. at 755, 107 S.Ct. at 2105.

The government may move for pretrial detention under Section 3142(e) if at least one of the six categories listed in Section 3142(f) is met. United States v. Byrd*,* 969 F.2d 106, 109 (5th Cir.1992). The defendant in this case is charged with knowingly transporting or shipping in interstate or foreign commerce by any means including by computer or mails, visual depictions, the production of which  involved the use of a minor engaging in sexually explicit conduct and the visual depictions are of such conduct, in violation of 18 U.S.C. § 2252.  Because this offense falls within the Bail Reform Act's definition of "crimes of violence" ( see18 U.S.C. § 3156(a)(4)(C)), the government is entitled to move for detention. 18 U.S.C. § 3142(f)(1)(A).

At the detention hearing, the Court is charged with determining "whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community . . . ." U.S.C. § 3142(g). The factors which the Court must consider in deciding whether to detain or release a defendant, and if released under what condition or combination of conditions, include: (1) the nature and circumstances of the crime charged; (2) the

weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including character, physical and mental condition, family ties, employment, financial resources, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and (4) the nature and seriousness of the danger posed by the defendant to any person or the community. Id.

### C. Discussion

Concerning the first factor, the offense charged is a crime of violence under § 3156, and is therefore eligible for detention. The alleged acts that led to the charge included Defendant's communicating with and sending child pornography to an individual whom he believed to be a 14-year-old boy. There was also credible testimony that Defendant had, at least at some point in time, intentions to travel over state lines to meet the "boy." The undersigned therefore finds the nature of the offense charged is very serious.

Regarding the second factor, the weight of the evidence is very strong in this case, including Defendant's own admissions made to law enforcement officers.

Regarding the third factor, the history and characteristics of Mr. Webb, Defendant has the following criminal history:

1) 8/24/1980     Charged with DUI in Lakewood, Colorado. Disposition unknown.

2) 8/12/1992     Charged with possession of marijuana; a drug offense; and possession of narcotics equipment in Secaucus, New Jersey. Charges dismissed through pre-trial diversion.

3) 9/23/2003     Pled guilty to fraudulent schemes, and attempted possession of controlled substance, both misdemeanors, in Randolph County, West Virginia.

3

Sentenced to one year in jail, released to home confinement with electronic monitoring on January 26, 2004. Placed on two years probation on November 29, 2004. Detained for probation violation on February 22, 2006, due to instant offense. Probation violation dismissed– case turned over to federal authorities on February 28, 2006.

4)  10/13/2004  Pled Nolo Contendere to charges of disorderly conduct and resisting officer/obstruction without violence in Broward County, Florida. Assessed court costs.

Defendant has no substantial ties to the community and no employment. Although Defendant's landlord stated he wanted Defendant out of his building and wanted Defendant's name off the lease, Defendant, through counsel, argued that the landlord could not legally evict Defendant, and he would be able to live there. Defendant additionally told the pretrial services officer he would be able to reside with his brother, Robert Webb, in College Station, Texas. The pretrial services officer had attempted to contact Mr. Webb, but had been unsuccessful at the time of the hearing.

The fourth factor, that is, the nature and seriousness of the danger posed by the defendant to any person or the community, is the most difficult in this case; however, the evidence seized by law enforcement officers included ATM receipts and Enterprise Rent-A-Car receipts indicating Defendant traveled, but the dates of such travel were not known at the time of the hearing. Defendant told the investigators he had an attraction to boys 15 years or older, but then clarified this by saying "adolescent boys;" he had had no relationship for approximately eight or nine years; he had a sexual experience with a 15-year-old approximately seven years earlier, and said he performed

4

fellatio on a 15-year-old in Elkins, West Virginia. Defendant admitted to the investigators that he transferred images of minors performing sexual activities. He admitted knowing that having and transmitting such images was wrong and illegal. Defendant admitted trading such images and storing them remotely.

The testimony elicited at the hearing was that Defendant initiated the contact with the person he believed to be a 14-year-old boy, through Instant Messenger; and after finding out Defendant was 14 years old, told him he would have gone to Virginia to meet with him had it not been snowing. That desire apparently cooled for unknown reasons, and the travel never took place, however.

### D. Findings

The Court finds by clear and convincing evidence:

1. Defendant does not present a serious risk of flight.
2. The evidence is overwhelming that Defendant was engaging in conduct on a computer as alleged in the Criminal Complaint and had been doing so for some time prior to the date of his arrest.
3. At the time of the alleged conduct, Defendant was on probation on State charges.
4. Paragraphs 1 though 4 of the pretrial services report are accurate and correctly set forth the circumstances and facts relative to Defendant's history/residence/family ties, employment history/financial resources; health; and prior record.
5. ATM receipts of May 9, 2005, indicated Defendant traveled to Hampton, Virginia.
6. Defendant told investigators he had had an attraction to boys age 15 and older, or "adolescent boys;" he had had no relationship for 8 or 9 years; he had had sex with a 15-

year-old boy about 8 years earlier, he had performed fellatio on a 15-year-old in Elkins, West Virginia.

7. Defendant admitted to having and transferring images of minors performing sexual acts.

8. Defendant admitted knowing having and transmitting such images was wrong.

9. Defendant admitted trading and storing such images.

10. Defendant's sole source of income is some form of estate benefit or death benefit in the amount of the upper $300.00 range per month.

11. Defendant had receipts for rental cars and ATM transfers, but the dates of such receipts are unknown at this time.

12. Defendant initiated the contact with the individual he believed to be a 14-year-old boy, and offered to go to Virginia to meet with him, except that it was snowing; however, no such meeting ever took place.

Although not a Finding, the Court notes that the State of West Virginia elected not to pursue the Probation Violation against Defendant arising from the instant offense.

### E. Conclusion

The Court therefore finds by clear and convincing evidence that there is no condition or combination of conditions that would reasonably assure the safety of any person or the community should Defendant be released on bond.

It is therefore

ORDERED THAT:

1. The defendant be, and he is hereby remanded to the custody of the United States Marshal pending further proceedings in this case;

2. The defendant be confined in a facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

3. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel;

4. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which defendant is confined shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding; and

5. The Clerk shall direct copies of this order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Probation Officer.

DATED this 1st day of March, 2006

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE